William P. Donovan, Jr. (155881)
wdonovan@mwe.com
**MCDERMOTT WILL & SCHULTE LLP**
2049 Century Park East, Suite 3200
Los Angeles, CA  90067-3206
Telephone:    +1 310 277 4110
Facsimile:    +1 310 277 4730

Attorneys for Defendant Zynga Inc.

(*Additional Signatures Below*)

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO

| | |
|---|---|
| CHERYLL DOUGHERTY, DELIA CAMARGO, and LAWRENCE GARCIA, individually, as private attorneys general, and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>        v.<br><br>ZYNGA, INC.<br><br>                    Defendant. | Case No. 3:25-cv-04051-SI<br><br>**DEFENDANT ZYNGA, INC.'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL ARBITRATION, OR ALTERNATIVELY, TRANSFER VENUE**<br><br>Judge:       Hon. Susan Illston<br>Date:        December 19, 2025<br>Time:        10:00 a.m.<br>Courtroom: 1 |

MCDERMOTT WILL & SCHULTE LLP
ATTORNEYS AT LAW
LOS ANGELES

No. 3:25-cv-04051-SI

DEFENDANT ZYNGA, INC.'S REPLY MEMORANDUM ISO
MOTION TO COMPEL ARBITRATION, OR ALTERNATIVELY TRANSFER VENUE

**TABLE OF CONTENTS**

I.    INTRODUCTION .................................................................................................................1

II.   ARGUMENT .......................................................................................................................2

      A.    Plaintiffs Do Not Dispute They Agreed to the Terms .....................................................2

            1.    Plaintiffs Do Not Meaningfully Dispute Notice or Assent................................2

            2.    Dougherty Failed to Opt Out of the 2025 Take-Two Terms ............................2

      B.    The Terms' Enforceability Is Governed By New York Law.........................................3

      C.    The Terms' Delegation Clauses are Valid and Enforceable .........................................4

      D.    The Terms' Arbitration Provisions Are Valid and Enforceable ..................................6

            1.    Plaintiffs Do Not Argue the Terms' Individual Arbitration Procedures are Unconscionable..........................................................................................6

            2.    The Arbitration Provisions Are Not Procedurally Unconscionable ..................7

            3.    The Arbitration Provisions Are Not Substantively Unconscionable .................8

            4.    Other Provisions in the Terms Are Not Unconscionable.................................11

            5.    *Discover Bank* is Not Applicable to the 2024 Take-Two Terms....................13

            6.    The 2025 Take-Two Terms Are Not Improperly Retroactive .........................13

      E.    Even If The Court Finds Any Terms Unconscionable, They Are Severable..............14

      F.    Plaintiffs Fail To Invalidate the Forum Selection Clause...........................................14

III.  CONCLUSION..................................................................................................................15

McDermott Will & Schulte LLP
Attorneys At Law
Los Angeles

- i -

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ash v. Axos Bank*,
 No. 24-cv-1157-RSH-BJC, 2024 WL 4195313 (S.D. Cal. Sept. 13, 2024) ...............................2

*Berman v. Freedom Fin. Network, LLC*,
 30 F.4th 849 (9th Cir. 2022) .....................................................................................................2, 4

*Brower v. Gateway 2000, Inc.*,
 246 A.D.2d 246 (1st Dep't 1998) ................................................................................................4

*Capp v. Nordstrom, Inc.*,
 No. 2:13-cv-00660-MCE-AC, 2013 WL 12174043 (E.D. Cal. May 14, 2013) ....................7, 9

*Carolus v. Coinbase Global, Inc.*,
 No. 25-cv-03089-CRB, 2025 WL 3033736 (N.D. Cal. Oct. 7. 2025)...........................4, 5, 6, 8

*Cohen v. CBR Sys., Inc.*,
 625 F. Supp. 3d 997 (N.D. Cal. 2022) ........................................................................................5

*Corsello v. Verizon N.Y., Inc.*,
 976 F. Supp. 2d 354 (E.D.N.Y. 2013) ......................................................................................6, 9

*Curtis v. JPMorgan Chase Bank, N.A.*,
 No. 22 CIV. 10286 (LGS), 2024 WL 283474 (S.D.N.Y. Jan. 25, 2024) ..................................14

*Davitashvili v. Grubhub Inc.*,
 131 F.4th 109 (2d Cir. 2025) ......................................................................................................6

*Discover Bank v. Superior Court*,
 36 Cal. 4th 148 (2005) ..............................................................................................................13

*DK Holdings v. Miva, Inc.*,
 No. 16-CV-0580 W (AGS), 2019 WL 313069 (S.D. Cal. Jan. 24, 2019) ..................................4

*Doe 1 v. AOL LLC*,
 552 F.3d 1077 (9th Cir. 2009) ..................................................................................................14

*Edmundson v. Klarna, Inc.*,
 85 F.4th 695 (2d Cir. 2023) ........................................................................................................2

*Gonzalez-Torres v. Zumper, Inc.*,
 Case No. 19-cv-02183-PJH, 2019 WL 6465283 (N.D. Cal. Dec. 2, 2019)..............................11

DEFENDANT ZYNGA, INC.'S REPLY MEMORANDUM ISO
MOTION TO COMPEL ARBITRATION, OR ALTERNATIVELY TRANSFER VENUE

MCDERMOTT WILL & SCHULTE LLP
ATTORNEYS AT LAW
LOS ANGELES

*Haider v. Lyft,*
No. 20-cv-2997 (AJN), 2022 WL 1500673 (S.D.N.Y. May 11, 2022) ...................................3

*Heckman v. Live Nation Entmn't, Inc.,*
120 F.4th 670 (9th Cir. 2024) ................................................................................. *passim*

*John v. State Farm Mut. Auto. Ins. Co.,*
116 A.D.3d 1010 (2d Dep't 2014) ......................................................................................12

*Keller v. About, Inc.,*
No. 21-CV-228 (JMF), 2021 WL 1783522 (S.D.N.Y. May 5, 2021) ...................................12

*Kelly-Starkebaum v. Papaya Gaming Ltd.,*
No. 24-cv-02310, 2024 WL 5135799 (S.D.N.Y. Dec. 17, 2024).......................................4, 5

*Kilgore v. KeyBank, Nat'l Ass'n,*
718 F.3d 1052 (9th Cir. 2013) ...............................................................................................5

*Kooiman v. Siwell, Inc.,*
Case No. 8:20-cv-00565-JLS-DFM, 2021 WL 899095 (C.D. Cal. Jan. 4, 2021) ...................14

*Kutluca v. PQ N.Y. Inc.,*
266 F. Supp. 3d 691 (S.D.N.Y. 2017).................................................................................13

*Mastrobuono v. Shearson Lehman Hutton, Inc.,*
514 U.S. 52 (1995)..............................................................................................................12

*Nayal v. HIP Network Servs. IPA, Inc.,*
620 F. Supp. 2d 566 (S.D.N.Y. 2009)...................................................................................5

*Nedlloyd Lines B.V. v. Superior Court,*
3 Cal. 4th 459 (1992) .............................................................................................................3

*Nguyen v. Barnes & Noble Inc.,*
763 F.3d 1171 (9th Cir. 2014) ...............................................................................................4

*Pandolfi v. AviaGames, Inc.,*
No. 24-5817, 2025 WL 2463742 (9th Cir. Aug. 27, 2025) ...................................................10

*Plazza v. Airbnb, Inc.,*
289 F. Supp. 3d 537 (S.D.N.Y. 2018)..................................................................................11

*Pilon v. Discovery Commc'ns, LLC,*
769 F. Supp. 3d 273 (S.D.N.Y. 2025)...........................................................................3, 4, 14

*Rios v. HRB Digital LLC,*
No. 25-cv-03530-EMC, 2025 WL 3003768 (N.D. Cal. Oct. 27, 2025) ...............................10

MCDERMOTT WILL & SCHULTE LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT ZYNGA, INC.'S REPLY MEMORANDUM ISO
MOTION TO COMPEL ARBITRATION, OR ALTERNATIVELY TRANSFER VENUE

*Saffire Corp. v. Newkidco, LLC*,
    286 F. Supp. 2d 302 (S.D.N.Y. 2003)................................................................................3

*Shakur v. Schriro*,
    514 F.3d 878 (9th Cir. 2008) ...........................................................................................13

*Sweeney v. Tractor Supply Co.*,
    390 F. Supp. 3d 1152 (N.D. Cal. 2019) ............................................................................7

*Trudeau v. Google LLC*,
    349 F. Supp. 3d 869 (N.D. Cal. 2018) .........................................................................2, 13

*Whalen v. NBA Props., Inc.*,
    No. 25-CV-06125 (JAV), 2025 WL 3013144 (S.D.N.Y. Oct. 28, 2025)..............................11

*Wong v. MLB Advanced Media, L.P.*,
    Case No. 24-cv-00779-LB2025 WL 2180445 (N.D. Cal. Jan. 22, 2025) .........................14, 15

*Ziboukh v. Waleco, Inc.*,
    2025 WL 2355905 (S.D.N.Y. Aug. 14, 2025)......................................................................6

**Other Authorities**

JAMS Mass Arbitration Procedures and Guidelines, https://www.jamsadr.com/mass-
    arbitration-procedures (eff. May 1, 2024)........................................................................10

MCDERMOTT WILL & SCHULTE LLP
ATTORNEYS AT LAW
LOS ANGELES

No. 3:25-CV-04051-SI

DEFENDANT ZYNGA, INC.'S REPLY MEMORANDUM ISO
MOTION TO COMPEL ARBITRATION, OR ALTERNATIVELY TRANSFER VENUE

## I.    INTRODUCTION

In their opposition to Zynga's motion to compel arbitration ("Opp'n"), Plaintiffs argue that the 2024 and 2025 Take-Two Terms (collectively, the "Terms")[1] are unconscionable and claim that they were manipulated by Zynga to foreclose this lawsuit.  Those arguments are designed to distract from reality – Plaintiffs' counsel was dissatisfied with JAMS's determination as to claims they brought on behalf of *different* claimants than Plaintiffs, leading Plaintiffs' counsel to abandon the JAMS arbitration they initiated and sue in this Court.  This Court should not condone such forum shopping, and should compel the three Plaintiffs to individual arbitrations before JAMS.

As an initial matter, New York law applies to the Terms' enforceability pursuant to their governing law provisions.  The principal case on which Plaintiffs rely, *Heckman v. Live Nation Entertainment, Inc.*, 120 F.4th 670 (9th Cir. 2024), does not apply New York law.  Even if it did, *Heckman* addresses mass arbitration rules that would not apply to Plaintiffs if compelled to individual arbitration before JAMS.  In fact, those rules would not apply even to a mass arbitration as New Era has since changed its rules.  Plaintiffs' argument as to what rules might apply to a mass arbitration that has not been brought is both irrelevant and impermissibly seeks an advisory opinion.

Plaintiffs also do not challenge the Terms' delegation clause, which refers the determination of the Terms' enforceability (including the arbitration terms) to the arbitrator, or explain why other Terms they do challenge render the delegation clause unconscionable.  Because the Terms' delegation clauses are valid, all other questions of enforceability must be left to the arbitrator.  In any event, the Terms' arbitration and other challenged provisions are not unconscionable – and even if they were, they are severable.  Plaintiffs also could have chosen to opt out of them, which two of three Plaintiffs did as to the 2025 Take-Two Terms, and none did as to the 2024 Take-Two Terms.

Finally, if the Court determines that the dispute should not be compelled to arbitration, the Court should transfer the case to the United States District Court for the Southern District of

---

[1] Unless otherwise indicated, all capitalized terms herein have the same meaning as in Zynga's opening brief ("Mot.").

DEFENDANT ZYNGA, INC.'S REPLY MEMORANDUM ISO
MOTION TO COMPEL ARBITRATION, OR ALTERNATIVELY TRANSFER VENUE

McDermott Will & Schulte LLP
Attorneys At Law
Los Angeles

New York pursuant to the Terms' valid and enforceable forum selection clause.  Thus, the Court should compel Plaintiffs to arbitration or, alternatively, transfer venue.

## II.    ARGUMENT

### A.    Plaintiffs Do Not Dispute They Agreed to the Terms

#### 1.    Plaintiffs Do Not Meaningfully Dispute Notice or Assent

An agreement to arbitrate in an online contract requires inquiry notice of the terms and unambiguous assent to those terms.  *Edmundson v. Klarna, Inc.*, 85 F.4th 695, 703 (2d Cir. 2023); *Berman v. Freedom Fin. Network, LLC*, 30 F.4th 849, 856 (9th Cir. 2022).  Plaintiffs do not dispute that each of them was on notice of and assented to the Terms.  (Mot. at 12-15.)  At most, Plaintiffs challenge whether they were notified that the 2025 Take-Two Terms contained a retroactivity provision, applying the Terms to disputes that arose before Plaintiffs assented.  (Opp'n at 20-21.)  But Plaintiffs neither identify any authority requiring such specific notice nor do they challenge that they were generally on notice of the updated Terms.[2]  Indeed, the same retroactivity provision Plaintiffs argue they lacked notice of in the 2025 Take-Two Terms was included in the 2024 Take-Two Terms.  (Ungberg Decl. Ex. B § 15.5(1).)  Yet Plaintiffs do not argue that notice was inadequate.

#### 2.    Dougherty Failed to Opt Out of the 2025 Take-Two Terms

Plaintiffs also do not dispute that Camargo and Garcia opted out of the 2025 Take-Two Terms and that *no* Plaintiff opted out of the 2024 Take-Two Terms.  (Mot. at 9, 14 n.4.)  Plaintiffs dispute only whether Dougherty validly opted out of the 2025 Take-Two Terms, arguing that she mailed an opt-out notice on April 22, 2025, which Plaintiffs contend was timely and valid.  (Opp'n at 18-19.)

This argument is irrelevant.  Dougherty concedes that she did not opt out of the 2024 Take-Two Terms.  (Ungberg Decl. Ex. C § 17.5(3)) (stating "if you accepted a previous version of the Arbitration Agreement and did not Opt Out, your Opt-Out Notice will be limited to the materially

---

[2] The single case Plaintiffs cite is inapposite.  There, the plaintiff was provided notice of the updated terms but was not provided any opportunity to assent to them.  *See Ash v. Axos Bank*, No. 24-cv-1157-RSH-BJC, 2024 WL 4195313, at *4 (S.D. Cal. Sept. 13, 2024) (distinguishing from circumstances in which notice of modification is given *and* plaintiff had opportunity to accept terms).  By contrast, Plaintiffs were notified that the new terms existed via a pop-up and then assented to the new terms by clicking "Accept" on the pop-up (Mot. at 14-15), which constitutes valid assent.  *Trudeau v. Google LLC*, 349 F. Supp. 3d 869, 880-81 (N.D. Cal. 2018).

McDERMOTT WILL & SCHULTE LLP
ATTORNEYS AT LAW
LOS ANGELES

updated terms of this version."). Zynga seeks to compel each Plaintiff to individual arbitration with JAMS as required by *both* Terms. (*Id.* Ex. B §§ 15.5(1)-15.5(2), Ex. C §§ 17.5(1)-17.5(2).)

Plaintiffs are also incorrect that Dougherty's opt out was valid. The opt out notice to which Plaintiffs refer is dated April 17, 2025, four days *before* Dougherty accepted the 2025 Take-Two Terms. (FAC ¶ 39; Janove Decl. Ex. E.) According to those Terms, a user "must notify us in writing *within 30 days of the date that you first accept* this Agreement" for it to be effective. (Ungberg Decl. Ex. C § 17.5(3).) A user cannot preemptively opt out of the terms before they have accepted them. *See Haider v. Lyft*, No. 20-cv-2997 (AJN), 2022 WL 1500673, at *3 (S.D.N.Y. May 11, 2022) (holding preemptive opt out invalid). Accordingly, Dougherty's opt out on April 17, 2025, was invalid because it was too early, and her subsequent opt out on June 17, 2025, was too late.

**B.     The Terms' Enforceability Is Governed By New York Law**

Plaintiffs argue that California law governs the Terms' enforceability and that Zynga waived any claim that the New York choice of law provision in the Take-Two Terms applies. (Opp'n at 10-11.) Plaintiffs misstate the law, the Terms, and the facts.

The Terms state that they are governed by New York law. (Ungberg Decl. Ex. B § 15.1, Ex. C § 17.1 ("This Agreement . . . shall be governed by, and construed under, the laws of the State of New York without regard to conflict of law rules.").) Choice of law provisions are enforceable under both New York and California law. *Nedlloyd Lines B.V. v. Superior Ct.*, 3 Cal. 4th 459, 464-65 (1992) (holding that California courts apply a strong policy favoring the enforcement of choice-of-law provisions); *Saffire Corp. v. Newkidco, LLC*, 286 F. Supp. 2d 302, 305 (S.D.N.Y. 2003) ("[A]s a general rule, choice of law provisions . . . are valid and enforceable in [New York]."). A governing law provision, like the one contained in the Terms, governs enforceability of the agreement's provisions as well as unconscionability. *Pilon v. Discovery Commc'ns, LLC*, 769 F. Supp. 3d 273, 293 (S.D.N.Y. 2025) ("But once the parties have formed a valid agreement, they may select a particular state's law to govern challenges to its enforceability.").

Plaintiffs ignore that the Terms are imposed by Take-Two, Zynga's parent company, which is headquartered in New York and is a party to the Terms. Take-Two has numerous subsidiaries and affiliates nationally, establishing an interest in applying a uniform choice-of-law provision across all

- 3 -                                                    No. 3:25-CV-04051-SI

MCDERMOTT WILL & SCHULTE LLP
ATTORNEYS AT LAW
LOS ANGELES

its subsidiaries.  *See DK Holdings v. Miva, Inc.*, No. 16-CV-0580 W (AGS), 2019 WL 313069, at *5 (S.D. Cal. Jan. 24, 2019) (finding sufficient interest in applying New York governing law provision where parent company selected New York law for consistency and uniformity).  Thus, New York law applies.

Contrary to Plaintiffs' assertion (Opp'n at 10), Zynga did not waive its argument that New York law applies.  Zynga specifically stated that the Terms include a New York choice-of-law provision.  (Mot. at 8.)  Zynga's motion primarily dealt with formation of the parties' arbitration agreements, as the standard for the motion requires.  (*Id.* at 11.)  Under California's choice-of-law rules, the law of the forum state (California) governs whether an agreement was formed.  *Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1175 (9th Cir. 2014).  But a choice-of-law analysis was also unnecessary because "New York and California apply 'substantially similar rules for determining whether the parties have mutually assented to a contract term.'"  *Berman*, 30 F.4th at 855; *Pilon*, 769 F. Supp. 3d at 288 (same).  Thus, Zynga cited *both* New York and California law as to whether an arbitration agreement existed.  (Mot. at 12-16.)

### C.    The Terms' Delegation Clauses are Valid and Enforceable

There is no dispute that questions of arbitrability are delegated to the arbitrator under the Terms.  (Mot. at 17-18.)  Plaintiffs challenge the conscionability of the delegation clauses. (Opp'n at 12-16, 21-23.)  This argument fails for several reasons.

As an initial matter, Plaintiffs conflate their challenges to the Terms' delegation clauses with their challenges to the arbitration clauses and other provisions.  But a court must consider the unconscionability of the delegation clause *before* assessing the unconscionability of the arbitration provision or any other terms.  *See Carolus v. Coinbase Glob., Inc.*, No. 25-cv-03089-CRB, 2025 WL 3033736, at *4-5 (N.D. Cal. Oct. 7, 2025).  This rule applies because "[i]f the delegation clause is enforceable, the question of the agreement's enforceability otherwise must be left to the arbitrator."  *Kelly-Starkebaum v. Papaya Gaming Ltd.*, No. 24-cv-02310, 2024 WL 5135799, at *8 (S.D.N.Y. Dec. 17, 2024).

In addition, a delegation clause must be *both* procedurally *and* substantively unconscionable to be unenforceable.  *Brower v. Gateway 2000, Inc.*, 246 A.D.2d 246, 253 (1st Dep't 1998);

- 4 -

No. 3:25-CV-04051-SI

DEFENDANT ZYNGA, INC.'S REPLY MEMORANDUM ISO
MOTION TO COMPEL ARBITRATION, OR ALTERNATIVELY TRANSFER VENUE

MCDERMOTT WILL & SCHULTE LLP
ATTORNEYS AT LAW
LOS ANGELES

*Cohen v. CBR Sys., Inc.*, 625 F. Supp. 3d 997, 1002-03 (N.D. Cal. 2022).  A "court need only find an absence of either procedural or substantive unconscionability in order to compel arbitration . . . ." *Nayal v. HIP Network Servs. IPA, Inc.*, 620 F. Supp. 2d 566, 573 (S.D.N.Y. 2009).  Here, the Terms' delegation clauses are neither procedurally nor substantively unconscionable.

Plaintiffs argue that the delegation clauses in the Terms are procedurally unconscionable because:  (1) the clauses are hidden in the Terms, giving insufficient notice of their existence and surprising users (Opp'n at 13-14); (2) the Terms are contracts of adhesion (*id.* at 13, 21); and (3) other – provisions of the Terms make the delegation procedurally and substantively unconscionable (*id.* at 13-17, 21-24).  These reasons fail as a matter of law.

*First*, the Terms provide sufficient notice of the inclusion of a delegation clause.  A notice as to the existence of the arbitration clause appears on the very first page of both Terms.  (Ungberg Decl. Ex. B at 1, Ex. C at 1.)  The title is bolded and underlined, and the notice is prominent in all capital letters.  (*Id.*)  Although this notice does not specifically mention the arbitration provision's delegation clause, notice of the existence of an arbitration provision at the beginning of an agreement curbs any surprise regarding a delegation clause, even if it does not specifically mention the clause.  *Kelly-Starkebaum*, 2024 WL 5135799, at *9 (noting surprise is diminished by bolded notification of arbitration provision at the beginning of an agreement); *Carolus*, 2025 WL 3033736 at *6 (same).

*Second*, the Terms are not contracts of adhesion because they allowed Plaintiffs to opt out. *Kilgore v. KeyBank, Nat'l Ass'n*, 718 F.3d 1052, 1059 (9th Cir. 2013) (finding opt out provision eliminated any procedural unconscionability); *Kelly-Starkebaum*, 2024 WL 5135799, at *9 (concluding terms were not an adhesion contract "because they allowed her to opt out of the arbitration agreement (including the delegation clause)").  For this reason, Plaintiffs' reliance on *Heckman* to argue that the delegation clauses are unconscionable is misplaced.  (Opp'n at 12, 21.) The terms at issue in *Heckman* involved a conceded contract of adhesion with no opt out provision. 120 F.4th at 681.  By contrast, Plaintiffs had the opportunity to opt out of the arbitration clauses and at least two of them did with respect to the 2025 Take-Two Terms (but not the 2024 Take-Two Terms even though they had the opportunity to do so).  For this additional reason, Plaintiffs fail to establish that the delegation clauses are procedurally unconscionable.

MCDERMOTT WILL & SCHULTE LLP
ATTORNEYS AT LAW
LOS ANGELES

*Third*, other aspects of the Terms do not render the delegation clauses either procedurally or substantively unconscionable. For a delegation clause to be unconscionable because of unrelated provisions, Plaintiffs must explain *how* those unrelated provisions make the delegation clause unconscionable. *Carolus*, 2025 WL 3033736, at *5; *Ziboukh v. Waleco, Inc.*, 2025 WL 2355905, *21-22 (E.D.N.Y. Aug. 14, 2025) (citing *Heckman* and other cases); *Davitashvili v. Grubhub Inc.*, 131 F.4th 109, 118 (2d Cir. 2025) ("Plaintiffs must show why allowing an arbitrator – as opposed to a court – to decide the question of arbitrability would be unconscionable."). Plaintiffs do not explain how any other provision of the Terms makes the delegation clauses unconscionable or cite any supporting case law. In any event, as discussed below, those other provisions are not unconscionable and therefore do not make the delegation clause unconscionable.

**D.     The Terms' Arbitration Provisions Are Valid and Enforceable**

Because the Terms validly require the arbitrator to decide questions as to the enforceability of the arbitration agreements, the question of whether the Terms, including the arbitration provisions, are unconscionable is delegated to the arbitrator. But if this Court decides issues of enforceability – it should not – the Terms and their arbitration provisions are valid and enforceable.

1.     Plaintiffs Do Not Argue the Terms' Individual Arbitration Procedures are Unconscionable

Notably, Plaintiffs do not raise any specific procedural or substantive objections to the Terms' individual arbitration provisions. That concession is critical because Zynga is asking this Court to compel three individual Plaintiffs to individual arbitrations before JAMS. (Mot. at 19-21.)

In addition, no mass arbitration is currently or was ever filed involving *these Plaintiffs*. Plaintiffs' contention that Garcia filed an arbitration against Zynga (Opp'n at 8), appears to be false and is directly contradicted by the allegations in the Complaint. (FAC ¶ 159) ("some of the Arbitration Claimants (*not including Plaintiffs*) filed their claims in JAMS") (emphasis added). Thus, Plaintiffs' argument that a mass arbitration already exists because their counsel previously filed hundreds of single arbitrations on behalf of *different* claimants before JAMS (Opp'n at 12-13), is both false and irrelevant. In short, Plaintiffs improperly seek an advisory opinion as to what would happen *if* they filed another mass arbitration (having voluntarily withdrawn their previous one).

DEFENDANT ZYNGA, INC.'S REPLY MEMORANDUM ISO
MOTION TO COMPEL ARBITRATION, OR ALTERNATIVELY TRANSFER VENUE

MCDERMOTT WILL & SCHULTE LLP
ATTORNEYS AT LAW
LOS ANGELES

*See Corsello v. Verizon N.Y., Inc.*, 976 F. Supp. 2d 354, 357 (E.D.N.Y. 2013) (rejecting request for advisory opinion); *Capp v. Nordstrom, Inc.*, No. 2:13-cv-00660-MCE-AC, 2013 WL 12174043, at *2 (E.D. Cal. May 14, 2013) (same). The Court should reject that invitation.

2.    <u>The Arbitration Provisions Are Not Procedurally Unconscionable</u>

Plaintiffs argue the arbitration provisions in the Terms are procedurally unconscionable on various grounds. They claim that: (1) the arbitration provision incorporates third-party arbitration rules that are subject to change (Opp'n at 14); (2) the Terms lack clarity as to which arbitrator decides the delegated issues (*id.* at 14, 22); (3) the batching procedure included in the 2024 Take-Two Terms would surprise a user (*id.* at 14); (4) the previous Peak Terms purportedly required new terms to be "hand signed" to be valid (*id.* at 13); (5) the notices of updates to the Terms did not specifically indicate changes to the dispute resolution provision; and (6) the provision contains legal jargon (*id.* at 21). Each argument fails.

*First*, with respect to the notice provisions, incorporating third-party arbitration rules from entities like JAMS is common. This practice is not unconscionable where, as here, it is clear which rules apply (namely those in effect at the time of the dispute) and the rules are readily available online. *See Sweeney v. Tractor Supply Co.*, 390 F. Supp. 3d 1152, 1159 (N.D. Cal. 2019) (finding no surprise where inclusion of third-party rules was apparent and the rules were available online).

*Second*, the 2024 Take-Two Terms state clearly when a dispute is arbitrated before a mass arbitration panel at New Era versus an individual arbitration before JAMS. (Ungberg Decl. Ex. B § 15.5(6).) The 2025 Take-Two Terms assigns one arbitration entity, JAMS, to handle both individual and mass arbitrations.[3] (*Id.* Ex. C § 17.5(6).) There is no ambiguity as to which arbitrator would decide Plaintiffs' dispute. *See Sweeney*, 390 F. Supp. 3d at 1160 (finding no unconscionability

---

[3] Plaintiffs also contend that Take-Two's change from the New Era mass arbitration rules in the 2024 Take-Two Terms to the JAMS mass arbitration rules in the 2025 Take-Two Terms was intended to "block" the previous arbitrations commenced by Plaintiffs' counsel. (Opp'n at 8.) Not so. Instead of addressing this issue and other procedural issues with the Process Administrator appointed by JAMS as required by the 2025 Take-Two Terms, Plaintiffs' counsel elected to withdraw the arbitrations and file this lawsuit instead. (Kratenstein Decl. ¶¶ 18-20, Ex. B.) Thus, it was Plaintiffs' counsel who "blocked" the prior arbitrations, not Take-Two or Zynga.

MCDERMOTT WILL & SCHULTE LLP
ATTORNEYS AT LAW
LOS ANGELES

where agreement applied two different third-party arbitration rules in different circumstances as articulated in the agreement).

*Third*, the batching procedure in the 2024 Take-Two Terms is likewise laid out in detail in the arbitration provision. (Ungberg Decl. Ex. B § 15.5(9).) Further, the batching procedure applies only to mass arbitrations, not individual arbitrations like those Zynga seeks to compel here.

*Fourth*, contrary to Plaintiffs' assertion (Opp'n at 5), the Peak Terms did *not* require a hand signature for Zynga or Take-Two to apply new, updated terms to users. Rather, the Peak Terms specifically state, "Peak Games reserves the right to amend, change, modify, add or remove portions of the Terms of Services and Privacy Policy at any time, at its sole discretion, by posting the updated version on its website and within the games." (Ungberg Decl. Ex. A ¶ 2.) Plaintiffs' reliance on Paragraph 18 of the Peak Terms is misleading, as that provision expressly *excludes* any terms (such as the one above) that permit modification. [4] (*Id.*)

*Fifth*, notice of the new Terms was provided by clear and conspicuous pop-ups. Both pop-ups specifically advised, with hyperlinks to the Terms, that the Terms had changed and by clicking "Accept," a user was bound to them. (Ungberg Decl. ¶¶ 29, 40.) Upon clicking on the link to the Terms in either pop-up, users were notified on the very first page in bold or capitalized font that the Terms contained a mandatory arbitration provision. (Ungberg Decl. Ex. B at 1.) Courts routinely find such notice sufficient. (Mot. at 12-13.) Plaintiffs cite no case law to the contrary.

*Sixth*, inclusion of "legal jargon" (Opp'n at 21) does not make a purported contract of adhesion unconscionable. *Carolus*, 2025 WL 3033736 at *6.

For all these reasons, the Terms' arbitration provisions are not procedurally unconscionable.

        3.      <u>The Arbitration Provisions Are Not Substantively Unconscionable</u>

Plaintiffs' substantive unconscionability arguments fare no better. Plaintiffs argue that the arbitration clauses are substantively unconscionable because: (1) the changes to the New Era rules

---

[4] Paragraph 18 states, "*Except as expressly and specifically set forth in these Terms of Services*, no representations, statements, consents, waivers or other acts or omissions by Peak Games shall be deemed a modification of these Terms of Services nor legally binding, unless documented in physical writing, hand signed by you and a duly appointed officer of Peak Games." (Ungberg Decl. Ex. A ¶ 18) (emphasis added).)

DEFENDANT ZYNGA, INC.'S REPLY MEMORANDUM ISO
MOTION TO COMPEL ARBITRATION, OR ALTERNATIVELY TRANSFER VENUE

MCDERMOTT WILL & SCHULTE LLP
ATTORNEYS AT LAW
LOS ANGELES

following *Heckman* did not cure the issues with the prior New Era terms (Opp'n at 14-16.); (2) the 2025 Take-Two Terms allow a process arbitrator to decide merits issues (*id.* at 22, 24); (3) the Terms raise a conflict of interest for the arbitrator (*id.* at 16); (4) the 2025 Take-Two Terms include a purportedly "one-sided" informal dispute resolution procedure (*id.* at 23); and (5) the Terms include a carveout from arbitration for intellectual property claims (*id.* at 17, 22). Each argument fails.

*First*, inclusion of the New Era rules in the 2024 Take-Two Terms does not make the arbitration provision substantively unconscionable. Plaintiffs rely almost exclusively on *Heckman*, which found New Era's mass arbitration rules in effect in 2021 were unconscionable. (Opp'n at 14-16.) But the Ticketmaster terms at issue in *Heckman* are very different from the 2024 Take-Two Terms. (Mot. at 19-20.)

Importantly, the 2024 Take-Two Terms' arbitration provision applies the New Era rules "in effect when the Mass Arbitration Disputes are filed." (Ungberg Decl. Ex. B ¶ 15.5(9).) Plaintiffs argue that changes to New Era's rules after *Heckman* have not fixed the issues that were identified in *Heckman*, including arbitrator selection, bellwether precedent, and batching. (Opp'n at 14-15.) But with Plaintiffs having withdrawn their previous arbitrations before JAMS, no mass arbitration is pending, making it impossible to know which New Era rules would apply. Plaintiffs (again) improperly seek an advisory opinion as to what would happen *if* they filed a mass arbitration. *See Corsello*, 976 F. Supp. at 357; *Capp*, 2013 WL 12174043, at *2.

Plaintiffs' claim that the issues with the New Era rules identified in *Heckman* were not addressed by rule changes is also inaccurate. For example, Plaintiffs argue that the bellwether process in the 2021 New Era rules is still present, causing impermissible delay in cases proceeding and requiring bellwether determinations to be used as precedent applied to other cases. (Opp'n at 15.) But the Ninth Circuit did not find that all bellwether processes are unconscionable. Rather, it found that the required precedential use of the bellwether cases and the inability for non-bellwether claimants to access those decisions was impermissible. 120 F.4th at 684-85. The current New Era rules remove the binding effect of bellwether decisions *and* make them accessible to all mass arbitration claimants. (Janove Decl. Ex. A ¶ 2(y)(ii-iii).)

DEFENDANT ZYNGA, INC.'S REPLY MEMORANDUM ISO
MOTION TO COMPEL ARBITRATION, OR ALTERNATIVELY TRANSFER VENUE

McDermott Will & Schulte LLP
Attorneys At Law
Los Angeles

The Ninth Circuit also did not determine that the bellwether proceedings caused delay for other individual claimants.[5]  And Plaintiffs ignore that the batching provision in the 2024 Take-Two Terms expressly permits waiver of the delay by the parties to allow individual requested cases to proceed in the initial batch.  (Ungberg Decl. Ex. B §15.5(9)) ("Take-Two and the party to any Mass Arbitration Dispute that would otherwise be delayed under this provision may agree to waive the delay and include such Mass Arbitration Dispute in the Initial Batch.").

As for the arbitrator selection process, the Ninth Circuit took issue with New Era's ability to replace a neutral "at its sole discretion," taking any power away from the claimant to select an arbitrator.  *Heckman*, 120 F.4th at 678.  That discretionary language no longer appears in the rules. (Janove Decl. Ex. A ¶ 2(k).)

Further, the arbitration provision does not interfere with Plaintiffs' right to choose their own counsel.  (Opp'n at 16.)  A Mass Arbitration Dispute as defined by the arbitration agreement includes any dispute "relating to the same or similar subject matter" and does not require that the dispute be brought by the same counsel.[6]  (Ungberg Decl. Ex. B § 15.5(9).)

*Second*, Plaintiffs' assertion that the JAMS MAP process administrator can decide merits issues is incorrect.  Both the 2025 Take-Two Terms and the JAMS Mass Arbitration Procedures and Guidelines provide that the process administrator may address only purely administrative or procedural issues, not merits issues.[7]

*Third*, if the delegation clause presented a conflict of interest for the arbitrator simply because they would decide the enforceability of the arbitration agreement, delegation clauses would always be unconscionable – which they are not.

---

[5] The Ninth Circuit's decision in *Pandolfi v. AviaGames, Inc.*, No. 24-5817, 2025 WL 2463742 (9th Cir. Aug. 27, 2025), is distinguishable.  The agreement there did not apply the New Era rules and instead applied the AAA mass arbitration rules, which include a different bellwether and batching process than what is at issue here.

[6] Plaintiffs' reliance on *Rios v. HRB Digital LLC*, No. 25-cv-03530-EMC, 2025 WL 3003768, at *10 (N.D. Cal. Oct. 27, 2025), is misplaced as it applied different procedures than the New Era rules and the 2024 Take-Two Terms.

[7] *See* JAMS Mass Arbitration Procedures and Guidelines, https://www.jamsadr.com/mass-arbitration-procedures, (eff. May 1, 2024) at Procedure 3(e) (listing non-merits issues the process administrator has authority to decide); *see also* Ungberg Decl. Ex. C § 17.5(6) (reiterating role of process administrator as articulated by JAMS).

- 10 -                                    No. 3:25-CV-04051-SI

DEFENDANT ZYNGA, INC.'S REPLY MEMORANDUM ISO
MOTION TO COMPEL ARBITRATION, OR ALTERNATIVELY TRANSFER VENUE

McDermott Will & Schulte LLP
Attorneys At Law
Los Angeles

*Fourth*, a pre-dispute resolution provision such as the one included in the 2025 Take-Two Terms is neither one-sided nor unconscionable. *See Whalen v. NBA Props., Inc.*, No. 25-CV-06125 (JAV), 2025 WL 3013144, at *3-4 (S.D.N.Y. Oct. 28, 2025) (finding mutual pre-dispute resolution procedure, similar to the procedure here, valid under both New York and California law). Requiring Plaintiffs to provide identification or purchase information is also necessary to facilitate a meaningful process. Further, the provision does not *require* the player to provide a User ID – it is only required "if any" exists. (Ungberg Decl. Ex. C § 17.5(4).)

*Fifth*, Plaintiffs provide no basis for their assertion that Zynga is more likely to bring an intellectual property claim than a user, as the provision is mutual. *See Gonzalez-Torres v. Zumper, Inc.*, Case No. 19-cv-02183-PJH, 2019 WL 6465283, at *7 (N.D. Cal. Dec. 2, 2019) (rejecting same argument that intellectual property carveout was unconscionable); *Plazza v. Airbnb, Inc.*, 289 F. Supp. 3d 537, 559 (S.D.N.Y. 2018) (same).

Finally, even if any aspect of the arbitration provisions are unconscionable (they are not), all users can opt out of the provision – which Ms. Camargo and Mr. Garcia did, and Ms. Dougherty attempted to do, as to the 2025 Take-Two Terms – thus tempering any unconscionability.

### 4. Other Provisions in the Terms Are Not Unconscionable

Beyond the delegation and arbitration clauses, Plaintiffs argue that other provisions in the Terms are substantively, but not procedurally, unconscionable. (Opp'n at 16-17, 22-24.) These provisions include: (1) allowing for unilateral modification of the Terms without notice (*id.* at 12, 22); (2) the time limitation on disputes (*id.* at 16, 22); (3) the damages limitation (*id.*); and (4) the carveout for intellectual property claims (*id.* at 17, 22). Critically, Plaintiffs do not argue that these provisions make either the delegation clauses or the arbitration provisions unconscionable, just that these provisions are unconscionable on their own. Again, because the delegation clause validly delegates any enforceability issues to the arbitrator, the Court need not consider these arguments. *See supra* § II(C). But for the avoidance of doubt, these provisions are not unconscionable.

*First*, unlike the terms in *Heckman*, the Terms cannot be unilaterally modified without notice and assent. As illustrated by the procedure undertaken to implement the 2025 Take-Two Terms, Zynga provides notice of any changes and requires acceptance of the new Terms for them to apply

DEFENDANT ZYNGA, INC.'S REPLY MEMORANDUM ISO
MOTION TO COMPEL ARBITRATION, OR ALTERNATIVELY TRANSFER VENUE

McDermott Will & Schulte LLP
Attorneys At Law
Los Angeles

to a user.  (Ungberg Decl. ¶¶ 38-43.)  Further, Sections 1.2 and 15.5(11) of the 2024 Take-Two Terms state that notice of any changes will be provided and include an opt-out procedure if the arbitration provision is updated.  (*Id.* Ex. B §§ 1.2 and 15.5(11); *see also id* Ex. C §§ 3, 17.5(10).)  The opt out procedure states, "Notwithstanding any other provision of this Arbitration Agreement, if Take-Two changes any of the terms of this Arbitration Agreement after the date you first accepted the Arbitration Agreement (or accepted any subsequent changes to the Arbitration Agreement), you may reject the new changes."  (*Id.* Ex. B § 15.5(11), Ex. C § 17.5(3).)

*Second*, the time limitation placed on a user's ability to file a claim is not unconscionable. (Opp'n at 16.)  Sections 15.5(7) and 17.5(7) of the Terms require arbitration to be commenced within two years of the events giving rise to the dispute.  (Ungberg Decl. Ex. B § 15.5(7), Ex. C § 17.5(7).) "[P]arties to a contract may agree to limit the period of time within which an action must be commenced to a period shorter than that provided by the applicable statute of limitations," so long as the contract is not one of adhesion or the period is unreasonably short.  *John v. State Farm Mut. Auto. Ins. Co.*, 116 A.D.3d 1010, 1011 (2d Dep't 2014); *see also Keller v. About, Inc.*, No. 21-CV-228 (JMF), 2021 WL 1783522, at *3 (S.D.N.Y. May 5, 2021) ("New York courts . . . enforce contract provisions shortening the limitations period for bringing *any* claim against a party where the shortened statute of limitations . . . is reasonable and agreed to by contract.") (internal citations omitted).  As explained above, the Terms are not contracts of adhesion as they require mutual assent and permit players to opt out.  Even so, two years from the time the disputed conduct occurred is not an unreasonably short period.

Finally, the damages limitation in the Terms is not unconscionable.  (Opp'n at 16, 22.) Arbitrators are not permitted to award punitive damages under New York law where, as here, the parties specifically agreed not to allow it.  *See Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 58-63 (1995) (finding New York law prohibiting arbitrators from awarding punitive damages applies to contracts governed by the FAA only where express intent to prohibit punitive damages is included).  The damages limitation in the agreement expresses a clear intent to limit the arbitrator's ability to award punitive damages.

//

DEFENDANT ZYNGA, INC.'S REPLY MEMORANDUM ISO
MOTION TO COMPEL ARBITRATION, OR ALTERNATIVELY TRANSFER VENUE

MCDERMOTT WILL & SCHULTE LLP
ATTORNEYS AT LAW
LOS ANGELES

5.    *Discover Bank* is Not Applicable to the 2024 Take-Two Terms

Plaintiffs also argue that, under *Discover Bank v. Superior Court*, 36 Cal. 4th 148 (2005), the mass arbitration procedures in the 2024 Take-Two Terms[8] are not arbitration within the meaning of the FAA and therefore the class action wavier contained in those Terms is unconscionable because the FAA does not preempt it.  (Opp'n at 18.)  But, again, Zynga seeks to compel Plaintiffs to three individual arbitrations, not to a mass arbitration.  *See supra* § II(D)(1).  Regardless, New York law applies to the enforceability of the Terms.  *See supra* § II(B).  And even if California law applies, the Ninth Circuit's holding with respect to *Discover Bank* relates specifically to "the arbitration agreement at issue" in *Heckman*.  120 F.4th at 689-90.  It does not apply broadly to all arbitration agreements that incorporate mass arbitration procedures.

6.    The 2025 Take-Two Terms Are Not Improperly Retroactive

Plaintiffs argue that the 2025 Take-Two Terms impermissibly modified the Terms to apply retroactively to disputes that arose before the parties accepted the agreement.  (Opp'n at 19-20.)  Plaintiffs argue this change is precluded by California's covenant of good faith and fair dealing.  (*Id.*)  This argument fares no better than Plaintiffs' others.

The same retroactivity provision Plaintiffs complain of in the 2025 Take-Two Terms is in the 2024 Take-Two Terms.  (Ungberg Decl. Ex. B § 15.5(1).)  Plaintiffs make no argument that it is unconscionable in those Terms, waiving the argument.  *Shakur v. Schriro*, 514 F.3d 878, 892 (9th Cir. 2008) (holding that a party waives arguments by not raising them in opposition).

In addition, retroactivity provisions in arbitration agreements are not inherently unconscionable.  *Kutluca v. PQ N.Y. Inc.*, 266 F. Supp. 3d 691, 703 (S.D.N.Y. 2017); *Trudeau*, 349 F. Supp. 3d at 880-81.  The Ninth Circuit's rebuke of Ticketmaster's retroactivity clause in *Heckman* turned on the allowance of unilateral modification *without* agreement by the user to the new terms.  120 F.4th at 682-83.  As explained above, the Terms do not permit unilateral modification – the user must agree to the Terms before they are bound to them.  Regardless, the parties mutually modified their agreement by accepting the 2025 Take-Two Terms.

---

[8] Plaintiffs do not argue the *Discover Bank* rule applies to the JAMS mass arbitration procedures incorporated in the 2025 Take-Two Terms.

McDermott Will & Schulte LLP
Attorneys At Law
Los Angeles

Neither New York's nor California's covenant of good faith and fair dealing prevent parties from mutually modifying their contract. *Pilon*, 769 F. Supp. 3d at 295. Thus, the retroactivity provision in the 2025 Take-Two Terms is permissible.

### E.    Even If The Court Finds Any Terms Unconscionable, They Are Severable

Plaintiffs are incorrect that this Court could not sever any unconscionable Term provisions. (Opp'n at 17, 24.) Section 15.5(9) of the 2024 Take-Two Terms and Section 17.5(11) of the 2025 Take-Two Terms contain severability clauses as to mass arbitration. (Ungberg Decl. Ex. B § 15.5(9), Ex. C § 17.5(11).) The 2024 Take-Two Terms also include a severability clause for arbitration agreement in Section 15.5(12), which states, "if any clause within this Arbitration Agreement is found to be invalid, unenforceable, or illegal, that clause or portion will be severed." (*Id.* Ex. B § 15.5(12).) Plaintiffs have not established that unconscionability permeates the Terms, rendering severance ineffective. *See Curtis v. JPMorgan Chase Bank, N.A.*, No. 22 CIV. 10286 (LGS), 2024 WL 283474, at *5 (S.D.N.Y. Jan. 25, 2024) (noting "an unconscionable provision can be severed from the agreement and the remaining portions upheld if the provision is isolated and does not go to the core of the agreement"). Rather, Plaintiffs do not challenge many elements of the arbitration provisions, including the Terms' individual arbitration procedures.

### F.    Plaintiffs Fail To Invalidate the Forum Selection Clause

Finally, pursuant to the Terms' forum selection clauses, any claims against Zynga must be brought in New York, New York if not compelled to arbitration. Plaintiffs argue that transferring the case to the Southern District of New York violates public policy because transfer would force them to waive their rights and remedies under California consumer laws. (Opp'n at 24-25.) But Plaintiffs do not specify any right or remedy that they would be forced to waive.[9]

Indeed, like Plaintiffs, the plaintiff in *Wong v. MLB Advanced Media, L.P.*, Case No. 24-cv-00779-LB, 2025 WL 2180445 (N.D. Cal. Jan. 22, 2025), brought claims pursuant to the CLRA and

---

[9] The cases cited by Plaintiffs are distinguishable as they address transfer of venue to state courts where certain remedies are not available, rather than to federal courts where the required choice-of-law analysis would likely permit them to pursue the same available remedies under California law in that venue. *See Doe 1 v. AOL LLC*, 552 F.3d 1077, 1083-84 (9th Cir. 2009); *Kooiman v. Siwell, Inc.*, Case No. 8:20-cv-00565-JLS-DFM, 2021 WL 899095, at *5 (C.D. Cal. Jan. 4, 2021).

- 14 -                    No. 3:25-CV-04051-SI

DEFENDANT ZYNGA, INC.'S REPLY MEMORANDUM ISO
MOTION TO COMPEL ARBITRATION, OR ALTERNATIVELY TRANSFER VENUE

McDermott Will & Schulte LLP
Attorneys At Law
Los Angeles

the VPPA and argued that transfer to New York federal court would foreclose certain remedies.[10] *Id.* at *3. The court disagreed because plaintiffs could not establish that a New York federal court would foreclose their ability to pursue a class action or seek remedies pursuant to those statutes. *Id.* at *3-4. The same is true here. Accordingly, if this case is not referred to arbitration, it should be transferred to the Southern District of New York.

## III.    CONCLUSION

For the foregoing reasons and those in Zynga's opening brief, Plaintiffs should be compelled to arbitrate their claims individually before JAMS or, alternatively, this case should be transferred to the United States District Court for the Southern District of New York.

Dated: November 25, 2025                    Respectfully submitted,


/s/ William P. Donovan, Jr.
William P. Donovan, Jr. (SBN 155881)
MCDERMOTT WILL & SCHULTE LLP
2049 Century Park East, Suite 3200
Los Angeles, CA 90067-3206
Tel: (310) 277-4111
Fax: (310) 277-4730
wdonovan@mwe.com

Andrew B. Kratenstein (*pro hac vice*)
Chris Combs (*pro hac vice*)
MCDERMOTT WILL & SCHULTE LLP
1 Vanderbilt Avenue
New York, NY 10017
Telephone: (212) 547-5400
Fax: (212) 547-5444
akratenstein@mwe.com
ccombs@mwe.com

Emilie E. O'Toole (*pro hac vice*)
MCDERMOTT WILL & SCHULTE LLP
444 West Lake Street, Suite 4000
Chicago, IL 60606
Telephone: (312) 372-2000
Fax: (312) 984-7700
eotoole@mwe.com
*Counsel for Defendant Zynga, Inc.*

[10] The agreement at issue in *Wong* (like the Terms) also included a New York choice of law provision. 2025 WL 2180445, at *1.

- 15 -                    No. 3:25-CV-04051-SI

DEFENDANT ZYNGA, INC.'S REPLY MEMORANDUM ISO
MOTION TO COMPEL ARBITRATION, OR ALTERNATIVELY TRANSFER VENUE

MCDERMOTT WILL & SCHULTE LLP
ATTORNEYS AT LAW
LOS ANGELES