**JANOVE PLLC**
Raphael Janove (SBN 361193)
raphael@janove.law
500 7th Avenue, 8th Fl.
New York, NY 10018
Telephone: (646) 347-3940

**JANOVE PLLC**
Liana Roza Vitale (SBN 348772)
liana@janove.law
979 Osos St., Ste. A5
San Luis Obispo, CA 93401
Telephone: (805) 505-9550

***Attorneys for Plaintiffs and the Proposed Class***

JANOVE PLLC 979 Osos St., Ste. A5 San Luis Obispo, CA 93401 500 7th Ave., 8th Fl. New York, NY 10018 1617 John F. Kennedy Blvd., 20th Fl. Philadelphia, PA 19103

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

CHERYLL DOUGHERTY, DELIA CAMARGO, and LAWRENCE GARCIA, individually, as private attorneys general, and on behalf of all others similarly situated,

Plaintiffs,

v.

ZYNGA INC.,

Defendant.

Case No. 3:25-cv-04051-SI

**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE**

JANOVE PLLC
979 Osos St., Ste. A5 San Luis Obispo, CA 93401
500 7th Ave., 8th Fl. New York, NY 10018
1617 John F. Kennedy Blvd., 20th Fl. Philadelphia, PA 19103

Pursuant to the Court's December 30, 2025 Order [D.E. 48] Plaintiffs Cheryll Dougherty, Delia Camargo, and Lawrence Garcia ("Plaintiffs") submit this supplemental memorandum of points and authorities in further opposition to the motion of Defendant Zynga Inc. ("Zynga" or "Defendant") to compel arbitration, or alternatively transfer venue (the "MTC") [D.E. 37], "addressing whether 'extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer.'" [D.E. 48] (quoting *Atl. Marine Const. Co., Inc. v. U.S. Dist. Ct.*, 571 U.S. 49, 52 (2013)).

**INTRODUCTION**

Plaintiffs appreciate the opportunity to provide further briefing on this important issue. Plaintiffs are California residents, bringing statutory consumer protection claims against a company that is headquartered in California and whose California-based executives and employees are directly responsible for Plaintiffs' injuries. Their claims comprise non-waivable claims under the Consumer Legal Remedies Act (CLRA), the Unfair Competition Law (UCL), and the False Advertising Law (FAL). (First Amended Class Action Complaint [D.E. 33], ¶¶ 179-222.) Defendant seeks to avoid being held accountable under these California laws by arguing that the Court should transfer this case to New York, based on Defendant's parent company's terms of use—which contain an unconscionable dispute resolution clause that includes a New York choice of law and choice of forum provision. Enforcing this clause would "contravene a strong public policy of California" by foreclosing Plaintiffs' consumer protection claims under California law. *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1083-84 (9th Cir. 2009) (per curiam). This is precisely the type of "extraordinary circumstance" the Ninth Circuit has held would clearly prohibit a transfer. *Id.* (refusing to enforce forum selection clause because it would "contravene a strong public policy of" California, namely a "California public policy against consumer class action waivers and waivers of consumer rights under the CLRA"); *Sessions v. Prospect Funding Holdings LLC*, 2017 WL 7156283 at *4 (C.D. Cal. July 13, 2017) (denying motion to transfer to Southern District of New York where application of New York law would contravene strong California policy).

While the Supreme Court has instructed that forum-selection clauses should be enforced except in "extraordinary circumstances," *Atl. Marine*, 571 U.S. at 52, those circumstances exist

JANOVE PLLC
979 Osos St., Ste. A5 San Luis Obispo, CA 93401
500 7th Ave., 8th Fl. New York, NY 10018
1617 John F. Kennedy Blvd., 20th Fl. Philadelphia, PA 19103

when "enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or judicial decision." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972); *accord Gemini Techs., Inc. v. Smith & Wesson Corp.*, 931 F.3d 911, 915 (9th Cir. 2019).[1] The Ninth Circuit's decision in *Doe 1 v. AOL LLC* is instructive. There, the Court held that a forum selection clause, paired with a choice of law provision, was "unenforceable as to California resident plaintiffs bringing class action claims under California consumer law." 552 F.3d at 1084. It based that conclusion on a decision from the California Court of Appeals in *America Online, Inc. v. Superior Court of Alameda County (Mendoza),* 90 Cal. App. 4th 1 (2001), which announced "California's strong public policy to protect consumers against unfair and deceptive business practices." *Doe 1*, 552 F.3d at 1084 (cleaned up); *accord* Cal. Civ. Code § 1751 (CLRA provision expressly stating: "Any waiver by a consumer of the provisions of this title is contrary to public policy and shall be unenforceable and void.").

Since then, the Ninth Circuit has continued to hold that a contractual clause providing for transfer to a forum that would effectively foreclose unwaivable rights under the original forum state's laws is unenforceable. *See, e.g.*, *Gemini Techs.*, 931 F.3d at 917. The California Supreme Court has also issued additional guidance confirming that the CLRA, UCL and FAL contain important and unwaivable rights and that an effective waiver of those rights would be "contrary to California public policy." *McGill v. Citibank, N.A.*, 2 Cal. 5th 945, 952 (2017); *see also id*. at 963 (dispute resolution provision that "waiv[ing] right to seek *in any forum* public injunctive relief under the UCL, the CLRA, or the false advertising law" is not preempted by FAA (emphasis original)).

Defendants have never disputed that foreclosing Plaintiffs' unwaivable consumer protection claims is precisely the type of extraordinary circumstance that would prevent a transfer. *See*, *e.g.*, *Kooiman v. Siwell, Inc*., 2021 WL 899095, at *5 (C.D. Cal. Jan. 4, 2021); *accord Doe 1*, 552 F.3d at 1083–84. Rather, Defendant asserts that *Doe 1* and its progeny are "distinguishable" because

[1] Although *Doe 1* predated the *Atlantic Marine* decision and applied the Supreme Court's earlier decision in *M/S Bremen*, the Ninth Circuit—and every circuit to address the issue—has made clear that "*Bremen* remains good law." *Gemini Techs.,* 931 F.3d at 914-15. And the "analysis of the *M/S Bremen* exceptions does not change when the agreement includes a choice-of-law clause in addition to a forum-selection clause. [The Ninth Circuit] generally treat[s] the analysis as coextensive and consider[s] the clauses' impact together." *Yei A. Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1088 n.4 (9th Cir. 2018), *holding modified by Lee v. Fisher*, 70 F.4th 1129 (9th Cir. 2023).

JANOVE PLLC
979 Osos St., Ste. A5 San Luis Obispo, CA 93401
500 7th Ave., 8th Fl. New York, NY 10018
1617 John F. Kennedy Blvd., 20th Fl. Philadelphia, PA 19103

"they address transfer of venue to *state courts* where certain remedies are not available, rather than to *federal courts* where the required choice-of-law analysis would likely permit" the application of California law. Reply ISO MTC [D.E. 44] at 14 n.9 (emphasis added). But the analysis is the same for a transfer to another federal court. *See Baylor v. Zipcar, Inc.*, 2014 WL 4793935 at *4 (N.D. Cal. Sept. 25, 2014) ("Considering the First Circuit law identified by Plaintiffs, the Court concludes that the District of Massachusetts would be unlikely to apply California state law, including the unwaivable provisions of the CLRA."); *Sessions*, 2017 WL 7156283 at *4 (refusing to transfer to New York federal court).

Further, Defendant openly argued in its motion to transfer that its Terms require "any disputes to be litigated in New York state or federal court in New York County *under New York law*." MTC at 8 (emphasis added); *see also* MTD [D.E. 38] at 14-15 (arguing for dismissal because Plaintiffs' "false discount claims fail under New York law"); Reply ISO MTD [D.E. 45] at 11 ("New York law should apply to" Plaintiffs' claims, "even if applying New York law would lead to a different result in this case."). To the extent the Court wishes to entertain Defendant's conflicting suggestion in a footnote that a New York federal court might conduct a choice of law analysis and apply California law, this argument "is based on an incorrect understanding of New York law as it exists today." *See Willis Re Inc. v. Herriot*, 550 F. Supp. 3d 68, 91 (S.D.N.Y. 2021).

In the Southern District of New York, the choice of law analysis would begin and end with the contract's choice of law clause because New York law provides that "a New York choice-of-law clause . . . obviates the application" of any conflicts of law analysis. *Ministers & Missionaries Benefit Bd. v. Snow*, 26 N.Y.3d 466, 468 (2015). (The clause itself also provides for the application of New York law "without regard to conflict of law rules." *See* Ungberg Decl. Ex. B, 2024 Terms of Service § 15.1 [D.E. 37-3]; Ungberg Decl. Ex. C, 2025 Terms of Service § 17.1. [D.E. 37-4]). As a result, New York federal and state "courts now refuse to consider the public policy of foreign states—including California—to overturn an otherwise valid contractual choice of law provision." *Pilon v. Discovery Comm'ns, LLC*, 769 F. Supp. 3d 273, 294 (S.D.N.Y. 2025) (cleaned up); *see, e.g.*, *My Investments LLC v. Starr Surplus Lines Ins. Co.*, 2024 WL 4859027 at *3 (S.D.N.Y. Nov. 20, 2024) (collecting federal cases); *Willis Re*, 550 F. Supp. 3d at 91-92 (same). Transfer to the

JANOVE PLLC
979 Osos St., Ste. A5 San Luis Obispo, CA 93401
500 7th Ave., 8th Fl. New York, NY 10018
1617 John F. Kennedy Blvd., 20th Fl. Philadelphia, PA 19103

Southern District of New York would be the functional equivalent of a waiver of Plaintiffs' rights, and no choice of law analysis is likely to change that outcome.

This is demonstrated by the very authority on which Defendant relies. In its Reply, Defendant cites *Wong v. MLB Advanced Media, L.P.*, 2025 WL 2180445 (N.D. Cal. Jan. 22, 2025), which granted a motion to transfer to the Southern District of New York, specifically citing New York state's "'public policy exception' to the enforcement of choice-of-law provisions" as a reason why Wong could likely pursue his CLRA claims in New York federal court. *Id.* at *4 (citation omitted). But, as noted above, that exemption only considers *New York state's* public policy, *Pilon*, 769 F. Supp. 3d at 294, a nuance that apparently was not presented to the *Wong* court.

After *Wong* was transferred, the magistrate judge presiding in the consolidated case recommended dismissal of Wong's California law claims. Wong had argued that the choice of law provision should not apply as contrary to California's public policy. The court responded:

> Wong's argument that New York would consider fundamental public policy of California, is based on an incorrect understanding of New York's choice of law rules. New York courts *used* to look to the public policy of the foreign jurisdiction even when faced with a contract with a New York choice-of-law provision. . . . New York courts now refuse to consider the public policy of foreign states—including California—to overturn an otherwise valid contractual choice of law provision.

*Henry et al., v. Major League Baseball Advanced Media, L.P., et al.,* 2025 WL 3717068, at *8, *Report & Recommendation* (S.D.N.Y. Dec. 23, 2025) (cleaned up) (ellipses added).

Accordingly, even if *Wong* was correctly decided, its reasoning supports denial of the motion to transfer here. *Wong* held that transfer was appropriate because Wong "ha[d] not shown" that a transfer would foreclose his rights under California law. 2025 WL 2180445, at *4. Here, Plaintiffs *have* shown that "if the action is transferred to the Southern District of New York, New York Law will likely apply." *Sessions*, 2017 WL 7156283 at *4; *accord Baylor*, 2014 WL 4793935 at *4.

In addition, "California's strong public policy to protect consumers against unfair and deceptive business practices," *Doe 1*, 552 F.3d at 1084 (cleaned up), is implicated even more strongly in this case. Defendant is a California company that seeks to avoid accountability under

JANOVE PLLC
979 Osos St., Ste. A5
San Luis Obispo, CA 93401
500 7th Ave., 8th Fl.
New York, NY 10018
1617 John F. Kennedy Blvd., 20th Fl.
Philadelphia, PA 19103

the consumer protection statutes of its own home jurisdiction. The exceptional circumstances here are therefore especially compelling. California clearly has an important interest in preventing California companies from freely violating its regulations by the simple expedient of establishing a corporate parent in a state with less stringent consumer protection laws and then forcing that state's law on consumers in a contract of adhesion.

Finally, separate and apart from the *Bremen* analysis, the Court should decline to enforce *any* of the Terms' dispute resolution procedures—including the forum selection and choice of law clauses—because, as a whole, these provisions are "designed to structurally and systematically" force Plaintiffs to pursue their claims in "an inferior forum." *See Pandolfi*, 2024 WL 4051754, at *13 (N.D. Cal. Sept. 4, 2024). Analysis of the forum selection clause should be coextensive with the arbitration provision and, together, these provisions should be held unenforceable. *Cf. Heckman v. Live Nation Ent., Inc.*, 120 F.4th 670, 688 (9th Cir. 2024) (affirming district court's decision to not sever unconscionable provisions where "companies could be incentivized to retain unenforceable provisions designed to chill customers' vindication of their rights" (citation omitted)); *see also Rios v. HRB Digital LLC*, 2025 WL 3003768, at *12 (N.D. Cal. Oct. 27, 2025) ("Because unconscionability permeates the entire arbitration agreement, severance would be an ineffective half-measure or, potentially, a reward for bad faith corporate actors.").

**CONCLUSION**

For the above reasons, Plaintiffs respectfully request that the Court deny Defendant's motion to compel arbitration or transfer venue.

Respectfully submitted,

DATED: January 12, 2026

By: /s/ Raphael Janove
Raphael Janove

**JANOVE PLLC**
Raphael Janove (SBN 361193)
raphael@janove.law
500 7th Avenue, 8th Fl.
New York, NY 10018
Telephone: (646) 347-3940

Liana Roza Vitale (SBN 348772)
liana@janove.law
979 Osos St., Ste. A5
San Luis Obispo, CA 93401
Telephone: (805) 505-9550

*Attorneys for Plaintiffs and the Proposed Classes*

JANOVE PLLC
979 Osos St., Ste. A5
San Luis Obispo, CA 93401
500 7th Ave., 8th Fl.
New York, NY 10018
1617 John F. Kennedy Blvd., 20th Fl.
Philadelphia, PA 19103