

Andrew B. Kratenstein
Attorney at Law
akratenstein@mcdermottlaw.com
+1 212 547 5695

April 24, 2026

**BY ECF**
Hon. Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square, Room 2201
New York, NY 10007

  Re: *Dougherty, et al. v. Zynga, Inc.*, Case No. 1:26-cv-02772-PAE

Dear Judge Engelmayer:

  Pursuant to Local Civil Rule 37.2 and this Court's Individual Rule 2.E., Defendant Zynga, Inc. ("Zynga") respectfully requests that this Court stay discovery pending a decision on Zynga's accompanying Motions to Compel Arbitration and Dismiss the First Amended Complaint (the "Motions").

**Background**

  As explained in the Motions, on March 24, 2025, prior to filing this lawsuit, Plaintiffs' counsel sought to arbitrate nearly identical claims to those alleged here and filed 746 individual demands for arbitration before JAMS ADR ("JAMS"). On May 6, 2025, after reviewing the parties' submissions, JAMS referred the claims to a Mass Arbitration Procedures ("MAP") Process Administrator.

  On May 9, 2025, Plaintiffs' counsel withdrew the pending arbitrations and filed this lawsuit in the U.S. District Court for the Northern District of California. (ECF No. 1.) The case was assigned to Judge Susan Illston. On July 18, 2025, Zynga moved to compel arbitration or alternatively transfer venue and also moved to dismiss. (ECF Nos. 25-26.) In response, on August 19, 2025, Plaintiffs filed an Amended Complaint. (ECF No. 33.) On September 26, 2025, Zynga renewed its prior motions and moved to stay discovery. (ECF Nos. 37-39.)

  On March 27, 2026 – almost a year after Plaintiffs filed this lawsuit and while Zynga's motions were pending – Plaintiffs served their First Set of Requests for Production to Zynga (the "Requests"), attached hereto as Exhibit A. Four days later, on March 31, 2026, Judge Illston transferred this case to this Court, finding that Plaintiffs had each formed a "valid" contract with Zynga by accepting Terms of Service ("Terms"), which contain a valid forum selection clause requiring transfer to this Court. (ECF No. 56 at 5-12.) Judge Illston denied the remaining motions as moot, noting that they raise issues that are "best left to the transferee court." (*Id.* at 8.) Consistent with this Court's Order (ECF No. 60), Zynga filed renewed motions to compel arbitration and to dismiss today.

**McDermott Will & Schulte** One Vanderbilt Avenue New York NY 10017-3852 Tel +1 212 547 5400 Fax +1 212 547 5444

*US practice conducted through McDermott Will & Schulte LLP.*

Hon. Paul A. Engelmayer
April 24, 2026
Page 2

### The Court Should Stay Discovery Pending Resolution of Zynga's Motions

Rule 26(c) of the Federal Rules of Civil Procedure provides courts with "considerable discretion to stay discovery" upon a showing of good cause. *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, No. 09-cv-5874 (RPP), 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009). In determining whether to stay discovery pending resolution of a motion to dismiss, courts consider: (1) any prejudice that would result from staying discovery, (2) the breadth and burden of discovery sought, and (3) the strength of that underlying motion to dismiss. *O'Sullivan v. Deutsche Bank AG,* No. 17 Civ. 8709 (LTS) (GWG), 2018 WL 1989585, at *4 (S.D.N.Y. Apr. 26, 2018). But "in cases where a party seeks a discovery stay pending a motion to compel arbitration, courts in this Circuit have stayed without considering the three-factor test." *Merida Cap. Partners III LP v. Fernane*, No. 25-cv-01235 (JAV), 2025 WL 1541072, at *3 (S.D.N.Y. May 30, 2025) (collecting cases). Accordingly, "a stay pending a motion to compel arbitration should be granted absent compelling reasons to deny it." *Id.* at *4. In any event, as discussed below, good cause also exists to stay discovery even under the three-factor framework.

### A.    Plaintiffs Will Not Be Prejudiced by a Stay

It is well established that "[a] stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue." *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.,* 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (quoting *Rivera v. Heyman*, No. 96 Civ. 4489, 1997 WL 86394, at *1 (S.D.N.Y. Feb. 27, 1997)). Accordingly, "the passage of a reasonable amount of time, without any other form of attendant prejudice, cannot itself constitute prejudice sufficient to defeat a motion to stay discovery." *O'Sullivan*, 2018 WL 1989585, at *9.

Here, the cause of any delay has been Plaintiffs' own forum shopping. As described in the accompanying declarations in support on Zynga's motions to compel arbitration and dismiss, Plaintiffs' counsel filed hundreds of arbitration claims with JAMS in March 2025, then withdrew them in May 2025 after JAMS referred the arbitrations to the MAP Process Administrator and filed this class action lawsuit in the Northern District of California – in contravention of the Terms' arbitration, forum selection, and class action waiver clauses. (Kratenstein Decl. ¶¶ 11-19; Ungberg Decl. ¶¶ 24-43.) Plaintiffs also then waited until March 2026, over ten months after they filed this lawsuit, to serve the Requests. Plaintiffs thus made the proverbial bed in which they now lie.

### B.    Absent a Stay, Zynga's Burden will be Significant

This Court routinely finds discovery stays appropriate where, as here, "disposition of the dismissal motions may significantly narrow, if not eliminate, the issues remaining in this case" and where "proceeding with discovery while the motion is pending would waste the parties' resources and would constitute an undue burden" on the defendants. *HAHA Glob., Inc. v. Barclays*, No. 1:19-cv-04749 (VEC) (SDA), 2020 WL 832341, at *1 (S.D.N.Y. Feb. 20, 2020).

By contrast, although Plaintiffs will not be prejudiced by a discovery stay, Defendants' burden in responding to Plaintiffs' Requests is substantial. Plaintiffs' 53 separate Requests seek documents dating

Hon. Paul A. Engelmayer
April 24, 2026
Page 3

back to 2019 and implicate potentially tens or hundreds of thousands of users. *See Integrated Sys.*, 2009 WL 2777076, at *1 (staying discovery including because "the breadth of the discovery sought in this action will cover a six-year period"). Further, many of Plaintiffs' Requests are vague, ambiguous, overbroad, and disproportionate to the needs of the case. *E.g.*, Ex. A at Request Nos. 13-14, 19 (seeking "all documents and communications regarding addictive behavior in connection with the Games or the addictive nature of the Games," "all documents regarding how defendant tracks and triggers players' emotions, such as 'happy,' 'shocked,' or 'regret,'" and "all documents and communications regarding the creation, execution, and implementation in the Games of any patent owned by Defendant").

Zynga's burden here is compounded by the fact that, if the "motion is granted, the *arbitrator* will have the authority to determine the nature and scope of discovery." *Olson v. World Fin. Grp. Ins. Agency, LLC*, No. 5:24-cv-00477-EJD, 2025 WL 2243646, at *1 (N.D. Cal. Aug. 6, 2025) (emphasis added). Allowing grossly overbroad discovery to proceed would irreparably eliminate the benefits of speed and economy that arbitral discovery would provide.

## C.    Defendants' Pending Motions Are Dispositive

In examining the final factor, "courts tend to consider whether the resolution of the pending motions to dismiss may dispose of the entire action." *CT Espresso LLC v. Lavazza Premium Coffees Corp.*, No. 22-cv-377 (VSB), 2022 WL 1639485, at *2 (S.D.N.Y. May 24, 2022) (citation modified). The court need "not predict the outcome of Defendant's motion," but instead need only undertake an "initial review" to determine whether the "motion to dismiss is potentially dispositive, and appears to be not unfounded in the law." *Boelter v. Hearst Commc'ns, Inc.*, No. 15 Civ. 03934 (AT), 2016 WL 361554, at *5 (S.D.N.Y. Jan. 28, 2016) (citation modified).

Here, Judge Illston held that each Plaintiff accepted at least one version the Terms (ECF No. 56 at 6-7), which contain not only a forum selection clause but also an arbitration clause and a class action waiver clause. Plaintiffs' remaining arguments rest on alleged unconscionability, which fail for the reasons described in Zynga's motion to compel arbitration. Alternatively, as explained in Zynga's motion to dismiss, Plaintiffs' claims should be dismissed for various reasons, including because Plaintiffs have not plausibly pled their claims, including because their alleged false discount claim is not cognizable under New York law. *See, e.g.*, *Main St. Legal Servs., Inc. v. Nat'l Sec. Council*, 811 F.3d 542, 567 (2d Cir. 2016) ("A plaintiff who has failed adequately to state a claim is not entitled to discovery.").

Thus, the Court should stay discovery pending resolution of the pending motions.

Respectfully submitted,

*/s/ Andrew B. Kratenstein*

Andrew B. Kratenstein

cc:  All counsel of record via ECF

Per the Court's Individual Rule 2(E), plaintiffs' response to this letter-motion is due April 29, 2026. For avoidance of doubt, all other deadlines remain as previously ordered.

SO ORDERED.

Date:  April 27, 2026
       New York, New York

PAUL A. ENGELMAYER
United States District Judge