UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHERYLL DOUGHERTY, *individually, as private attorneys general, and on behalf of all others similarly situated*, *et al.*,

Plaintiffs,

-v-

ZYNGA INC.,

Defendant.

26 Civ. 2772 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

Defendant Zynga, Inc. ("Zynga") moves to stay discovery, pending resolution of its motions to compel arbitration and to dismiss the First Amended Complaint ("FAC") ("the "motions"). Dkt. 67 ("Stay Motion"). Plaintiffs oppose. Dkt. 69 ("Opp'n"). For the following reasons, the Court grants the request to stay discovery, pending resolution of the motions.

## I.    Background

The Court assumes familiarity with this case. In brief: On May 9, 2025, plaintiffs initiated this putative class action in the Northern District of California. Dkt. 1. The operative complaint alleges that mobile videogames, published by Zynga, are marketed as free but, in fact, induce players to make in-game purchases through materially false and misleading offers. Dkt. 33 ¶¶ 1–11. It brings claims under California's Unfair Competition Law, False Advertising Law, and Consumers Legal Remedies Act; under the federal Video Privacy Protection Act ("VPPA"); and for common-law fraud and unjust enrichment. *Id.* ¶¶ 179–245.

On July 18, 2025, Zynga moved to compel arbitration or to transfer venue to this District, and to dismiss. Dkts. 25–26. On August 19, 2025, plaintiffs filed the First Amended Complaint

("FAC"), the operative complaint today.  Dkt. 33.  On September 26, 2025, Zynga renewed its earlier motions and moved to stay discovery.  Dkts. 37–39.  On March 31, 2025, the district court for the Northern District of California granted Zynga's motion to transfer.  Dkt. 56 ("March 31 Decision").  It found that the parties had formed a valid contract—the terms of service for the mobile videogames at issue—with a forum selection clause specifying this District.  *Id.* at 6–7, 11–12.

On April 8, 2026, the parties proposed a briefing schedule for renewed motions to compel arbitration and to dismiss.  Dkt. 59.  On April 10, 2026, this Court set a briefing schedule for the motions, consistent with its standard amend-or-oppose procedures.  Dkt. 60.  On April 24, 2026, Zynga moved to compel arbitration and to dismiss the FAC.  Dkts. 61–66.  The same day, it also moved to stay discovery, pending resolutions of those motions.  Dkt. 67.  On April 29, 2026, plaintiffs opposed the motion to stay.  Dkt. 69.

## II.    Applicable Legal Standard

Under Federal Rule of Civil Procedure 26(c), a court has "considerable discretion" to stay discovery for good cause.  *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009).  Factors relevant to whether good cause has been shown include: "(1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay."  *Miller v. Brightstar Asia, Ltd.*, 2020 WL 7483945, at *2 (S.D.N.Y. Dec. 21, 2020) (citation omitted).  The party seeking a stay bears the burden of demonstrating good cause.  *Id.*

"[W]here a party seeks a discovery stay pending a motion to compel arbitration, courts in this Circuit have stayed without considering the three-factor test."  *Mossiah v. Mulligan Sec.*

2

*LLC*, No. 25 Civ. 4561, 2025 WL 3478844, at *1 (S.D.N.Y. Dec. 3, 2025) (cleaned up); *see also Intertec Contracting Turner Steiner Int'l*, 98 Civ. 9116, 2001 WL 812224, at *7 (S.D.N.Y. July 18, 2001) (noting "general practice of district courts" to stay discovery pending motion to compel arbitration). Although a discovery stay pending such a motion "is by no means automatic," *Marsh & McLennan Agency LLC v. Williams*, No. 22 Civ. 8920, 2023 WL 2242074, at *2 (S.D.N.Y. Feb. 27, 2023), it "should be granted absent compelling reasons to deny it," *Merida Cap. Partners III LP v. Fernane*, No. 25 Civ. 1235, 2025 WL 1541072, at *4 (S.D.N.Y. May 30, 2025) (quoting *Alvarez v. Experian Info. Sols., Inc.*, No. 19 Civ. 3343, 2021 WL 2349370, at *2 (E.D.N.Y. June 7, 2021)).

### III.    Discussion

A stay is warranted here, under both the three-factor test and, *ipso facto*, the relaxed standard for a stay pending a motion to compel arbitration.

First, on the limited and preliminary review appropriate to evaluating a stay application, Zynga has made a strong showing that its motion to compel arbitration is meritorious. The district court in the Northern District of California that transferred this case did so on the ground that plaintiffs had agreed to at least one version of the terms of service. These contain an arbitration clause. *See* March 31 Decision at 2–4. Plaintiffs do not appear to argue that this litigation falls outside the scope of that clause. Instead, they argue that the entire agreement was an "unconscionable . . . contract[] of adhesion." Opp'n at 2. Plaintiffs, however, have yet to support that claim.

Second, the scope of anticipated discovery and the burdens it could present favor a stay. Zynga reasonably anticipates—and plaintiffs do not dispute—that the discovery plaintiffs seek is voluminous. Plaintiff has propounded 53 document requests, covering 2019 through the present

and potentially reaching data related to "hundreds of thousands of users."  Stay Motion at 3.  Such discovery may "drain[] the parties' resources" while Zynga's motions pend.  *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002).  Given the cost and time-intensive nature of modern electronic discovery in complex civil lawsuits, this factor strongly counsels a stay.  And a grant of either motion may significantly reduce discovery (in the event of a ruling compelling arbitration) or terminate it altogether (in the event of a ruling dismissing plaintiffs' claims), such that a stay may meaningfully conserve the parties' resources.

Third, plaintiffs have not shown a risk of unfair prejudice from a stay keyed to resolution of the motions.  They do not identify any documents, witnesses, or other sources of information that might become unavailable during a stay.  Instead, they assert that "additional time [will] pass[] and memories [will] continue to fade."  Opp'n at 3.  But the "passage of a reasonable amount of time, without any other form of attendant prejudice, cannot itself constitute prejudice sufficient to defeat a motion to stay discovery."  *O'Sullivan v. Deutsche Bank AG*, No. 17 Civ. 8709, 2018 WL 1989585, at *9 (S.D.N.Y. Apr. 26, 2018).

***Overall assessment***:  All three factors favor a stay of discovery, pending resolution of the pending motions.  Plaintiffs have not shown "compelling reasons" to deny the stay.  *Merida Cap. Partners*, 2025 WL 1541072, at *4.  And Zynga has shown good cause for one.  *See, e.g.*, *Honeywell Int'l, Inc.*, 2009 WL 2777076, at *1 (granting discovery stay pending dispositive motion where all three factors favored stay); *Johnson v. New York Univ. Sch. of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (same); *see also Spencer Trask Software & Info. Servs.*, 206 F.R.D. at 368 (same, where defendants had "substantial arguments" for dismissal and plaintiffs would not face prejudice).

## CONCLUSION

For the reasons above, the Court grants Zynga's motion to stay discovery, pending resolution of its motions to compel arbitration and to dismiss the FAC.

The Clerk of Court is respectfully directed to terminate the pending motion at docket 67.

SO ORDERED.

_Paul A. Engelmayer_

_____
PAUL A. ENGELMAYER
United States District Judge

Dated: May 4, 2026
New York, New York

5