# EXHIBIT A



May 6, 2025

NOTICE TO ALL PARTIES

     RE:    **Janove Take-Two Filings**
             Reference #:1601005155

Dear Parties:

JAMS has received and reviewed your communications to JAMS regarding the above-referenced Demands for Arbitration.  I have been asked to advise you as follows.

As you know, on March 25, 2025, the law firm of Janove PLLC filed 746 Demands For Arbitration on behalf of individual Claimants against Take-Two ("Respondent").  Claimants seek arbitration under Respondent's 2019 License Agreement ("2019 Agreement"), which provides for individual arbitration by JAMS and under the JAMS Streamlined Arbitration Rules.

Respondent argues that the 2019 Agreement does not and cannot apply.  Respondent states that it updated its terms of service on January 29, 2024, and again on February 28, 2025.  Respondent's 2024 Terms of Service ("2024 Terms") provide for individual arbitration by JAMS and pursuant to the JAMS Streamlined Arbitration Rules; however, a mass arbitration as defined therein "shall not be governed by the JAMS Rules or administered by JAMS.  Instead, Mass Arbitration Disputes shall be administered by New Era and governed by the New Era Rules in effect when the Mass Arbitration Disputes are filed."  Respondent's 2025 Terms of Service ("2025 Terms") provide for individual arbitration by JAMS and pursuant to the JAMS Streamlined Arbitration Rules; however, a mass arbitration as defined therein "shall also be subject to the JAMS Mass Arbitration Procedures and Guidelines in effect as of the date of the Notice of Dispute . . . ."

Respondent argues that it lacks sufficient information to determine which agreement applies to each and every Claimant; however, based on 281 User IDs provided by Claimants to date, Respondent has determined that "many players accepted the 2024 [Terms] and in many cases the players are active players who also accepted the 2025 [Terms]."  A. Kratenstein, email, Apr. 14, 2025.

Claimants argue that Respondent has waived any claim that the 2019 Agreement does not apply.  Citing *Heckman v. Live Nation*, Claimants further argue that even if the 2024 Terms apply, JAMS must proceed with individual arbitrations because New Era's rules are invalid and

unenforceable.  Claimants contend they are opting out of the arbitration agreement in the 2025 Terms and in any case the 2025 Terms are unenforceable.

In light of Respondent's 2025 Terms, which, as noted above, provide for the JAMS Mass Arbitration Procedures and Guidelines ("MAP"), JAMS will designate a Process Administrator upon receipt of the MAP filing fee.  The parties may raise preliminary and procedural matters, including whether the MAP apply and which Demands if any should be included as part of a Mass Arbitration under the MAP, with the Process Administrator.  See, for example, Procedures 3 and 4 of the MAP.  If JAMS does not receive the MAP filing fee, JAMS will close its files.

Sincerely,


Sarah Nevins
Arbitration Practice Manager
snevins@jamsadr.com