

Raphael Janove
Shareholder

raphael@janove.law

www.janove.law
T 646-347-3940

115 Broadway, 5th Fl.
New York, NY 10006

1617 John F. Kennedy
Blvd., 20th Fl.
Philadelphia, PA 19103

979 Osos St., Ste. A5
San Luis Obispo, CA
93401

July 7, 2026

**VIA ECF**

The Honorable Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square, Room 2201
New York, NY 10007

      **Re:**    ***Dougherty, et al. v. Zynga, Inc.*, Case No. 1:26-cv-02772-PAE**

Dear Judge Engelmayer:

I write on behalf of Plaintiffs in response to Defendant's notice of supplemental authority concerning *Jacobson v. Live Nation Entertainment, Inc.*, 2026 WL 1864990 (S.D.N.Y. June 29, 2026), Dkt. 81. Defendant contends that *Jacobson* addresses four issues relevant to its pending motion to compel arbitration. In fact, *Jacobson* does not address any of these issues in a way that is relevant to Defendant's motion.

First, as to manifestation of assent, *Jacobson* only addressed whether plaintiffs had inquiry notice of terms and whether they covered the dispute at issue. Unlike this case, it did not address the enforceability of an agreement where a defendant—after months of informal dispute resolution and after hundreds of arbitrations were filed—updated the mobile application and forced arbitration claimants to agree to a new arbitration clause that would apply retroactively to already filed claims.

Second and third, as to delegation of disputes regarding the enforceability of an arbitration clause to an arbitrator and the requirement that parties disputing such enforceability challenge the delegation clause specifically, *Jacobson* concluded that absent a specific challenge to the delegation clause these issues were for an arbitrator to decide. Unlike this case, plaintiffs "d[id] [not] argue that the delegation clause, specifically, is unconscionable" and "d[id] [not] advance any arguments unique to that clause." 2026 WL 1864990, at *8. In contrast, Plaintiffs here advance procedural and substantive unconscionability arguments unique and specific the delegation clause in the 2024 Terms. *See* Dkt. 74: (IV.B.1. "The delegation clause is unconscionable and unenforceable."; IV.B.2. "The delegation provision of the 2024 Terms is procedurally unconscionable."; IV.B.3. "The delegation provision of the 2024 Terms is substantively unconscionable.").

For instance, as to procedural unconscionability, Plaintiffs argue that "the 2024 Terms do not clearly specify whether the unconscionability issues should be decided by a JAMS arbitrator or a New Era arbitrator. And if a consumer understood the applicable delegation clause to be the one in the New Era Rules, that adds yet another layer of confusion: arbitrability issues are



somehow 'determined solely by the Neutral(s) provided by New Era ADR Inc,' . . . but also might, at New Era's discretion, be assigned to a different Neutral to resolve arbitrability . . . . Even Zynga's lawyers cannot explain how New Era's various conflicting delegation provisions can be reconciled." *Id.* at 12. As to substantive unconscionability of the delegation clause, Plaintiffs explain that Defendant's agreement unconscionably delays and frustrates an arbitration claimants' ability to even have unconscionability disputes resolved "'until 60 days after the final resolution of all Bellwether Cases from the Initial Batch and the subsequent Settlement Conference.'" *Id.* at 14.

Similarly, Plaintiffs advance procedural and substantive unconscionability arguments specific to the 2025 Terms' delegation clause. These include arguments that "the 2025 Terms still create confusion over to whom its delegation provision is actually delegating authority," *id.* at 22, and that "[t]o even challenge the delegation clause, a user needs to comply with Defendant's new 'Pre-Arbitration Informal Dispute Resolution,'" which is itself unenforceable, *id.* at 23.

Fourth and finally, as to the unconscionability of the New Era rules that Defendant seeks to apply, *Jacobson* largely did not address the issue because the defendants there effectively conceded they were unconscionable and did not seek to enforce them as written. Unlike this case—where Defendant asks the Court to enforce these unconscionable provisions—in *Jacobson*, defendants "stipulated that two of the more controversial provisions in the rules will not apply in arbitration (the mass arbitration protocols and the asymmetric appeal provision)." 2026 WL 1864990, at *7; *see also id.* at *10 (noting defendants' agreement "that no neutral with an ownership stake in New Era will be appointed to any of these cases"). Here by contrast, Defendant has altered the New Era rules to make them *even more* unconscionable: "the 2024 Terms are even more onerous than *Heckman* and provide for additional delays because they contain an additional restriction—preventing New Era from even accepting demands from additional claimants until a first batch of 60 demands are decided." *See* Dkt. 74 at 16.

Moreover, Plaintiffs argue that Defendant's mass arbitration protocol, including as modified by Defendant's bespoke mass arbitration provisions, is not even an "arbitration" within the meaning of the FAA. *See* Dkt. 74 at 18–19; *Flores v. New York Football Giants, Inc*, 150 F.4th 172, 183 & n. 49 (2d Cir. 2025) ("Simply labeling something as 'arbitration' does not automatically bring it within the ambit of the FAA's protection.") (quoting *Heckman v Live Nation Ent., Inc.*, 140 F.4th 670, 691 (VanDyke, J., concurring). But the court in *Jacobson* did not reach this argument, observing that *Heckman* "wouldn't apply in this case, since defendants have waived the mass-arbitration protocol." 2026 WL 1864990, at *16.[1]

---

[1] Plaintiffs also raise many other arguments that were not considered by *Jacobson*. *See, e.g.*, Dkt. 74 at 22. For instance, Zynga's arbitration clause unilaterally carves out from arbitration the only claims Zynga is likely to have against a player. *Id.* New Era's website expressly warns users that they cannot rely on information posted there—creating a high level of procedural unconscionability as users have no other way to know what rules will govern the arbitration. *Id.* at 5. And New Era contends the Ninth Circuit's *Heckman* decision was incorrect and misunderstood its rules—a position that is obviously incompatible with any good faith effort to address the Ninth Circuit's concerns in updates to the New Era rules, as Zynga mistakenly contends occurred. *Id.*



Plaintiffs would be pleased to submit supplemental briefing on any issue if the Court so wishes.

Respectfully submitted,

*/s/ Raphael Janove*
Raphael Janove

Counsel for Plaintiffs

CC: All Counsel of Record via ECF and Email